# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |
| vs. | ) Case No. 07 C 5103 |
| KEVIN KANE, | ) |
| Movant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On April 15, 2002,[1] Kevin Kane was arrested in connection with a home invasion; he was charged in the Circuit Court of Cook County and was held in custody awaiting trial. On June 26, 2003, a federal grand jury in this District indicted Kane on narcotics and firearms charges. *United States v. Morales, et al.*, Case No. 01 C 802. Kane was taken from state custody and was held in federal custody from July 23, 2003, when he was arraigned on the federal charges, through June 7, 2004. On June 8, 2004, Kane was returned to state custody and, on that date, pled guilty to and was sentenced on the state charge. The transcript of the state court sentencing hearing reflects that Kane was credited for the time he had served in both federal and state custody. Kane remained in state for a very short period and was then released after having

---

[1] The government says that Kane was arrested on January 15, 2002, but the transcript of Kane's state court sentencing reflects that the arrest took place on April 15, 2002. The correct date is immaterial given the Court's ruling on Kane's section 2255 motion.

served the remainder of the prison term imposed by the state court.

On January 15, 2004, Kane pled guilty to the federal charges against him pursuant to a written plea agreement. The plea agreement was silent on how the time Kane had served in custody would be credited against his federal sentence. On June 26, 2004, this Court sentenced him to a prison term of seventy-eight months. He had already been released from state custody at that point. On the day of sentencing, Kane was again taken into federal custody.

In July 2005, Kane filed a motion asking the Court to correct or clarify his sentence. He stated in the motion that he was not being given credit for the approximately one year he had spent in federal custody prior to the imposition of sentence. Kane said that the reason for this was that the Court had not specified, in sentencing him, whether it intended the sentence to be concurrent with or consecutive to his state sentence. In October 2005, the Court denied Kane's motion. The Court said that the error did not appear to be a clerical error that could be corrected under Federal Rule of Criminal Procedure 36 and that the Court lacked the authority under any other provision of federal law to modify the sentence after the fact.

Kane, proceeding *pro se*, has now moved under 28 U.S.C. § 2255 to vacate (actually, to modify) his federal sentence. He claims that the time he served either in federal or state custody, or both – his motion is unclear in this regard – should have been credited against his federal sentence.

For the reasons set forth below, the Court denies Kane's motion.

## Discussion

Kane does not challenge his guilty plea or his sentence, nor does he contend the attorney who represented him at the guilty plea and sentencing in this Court rendered ineffective assistance at or before either of those proceedings. Rather, Kane challenges only the way his sentence has been administered – specifically, how he contends the Bureau of Prisons should have accounted for the time he served prior to the imposition of his federal sentence.

A section 2255 motion is not the proper vehicle for Kane's challenge. *Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002). Section 2255 allows federal prisoners "'to challenge the legality of the *imposition* of a sentence by a court.'" *Id.* (quoting *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997)) (emphasis in original). To properly invoke section 2255, Kane would have to be arguing that the sentence as it was imposed was unconstitutional; he may not use section 2255 to challenge the manner in which his sentence was executed. *Id.* (citing *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998)).

The proper procedural mechanism for Kane's challenge to the administration of his sentence is 28 U.S.C. § 2241. Under § 2241, "a prisoner may challenge the *execution* of [his] sentence . . . such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention." *Id.* (emphasis in original); *see also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (noting that a challenge to the computation of a sentence is properly brought under § 2241). Kane alleges that the Bureau of Prisons incorrectly computed his sentence when it did not give credit the time he had served prior to

imposition of the sentence.[2] For this reason, Kane may assert his challenge only in a petition for a writ of habeas corpus under section 2241.

Even were the Court to construe Kane's section 2255 motion as a section 2241 petition, this Court would lack jurisdiction to consider the petition. A section 2241 motion must be filed in the district where the petitioner is confined, that is, in the district that has jurisdiction over the petitioner's jailer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004). And the proper respondent in a section 2241 petition is the petitioner's jailer, not the United States (the respondent that Kane named in his section 2255 motion). *Id*. at 435; *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006). Because Kane is incarcerated at FCI Pekin, located in Pekin, Illinois, his section 2241 motion must be filed in the Central District of Illinois, and he must name as respondent the warden of FCI Pekin.

## Conclusion

For the reasons stated above, the Clerk is directed to enter judgment dismissing Kevin Kane's motion under 28 U.S.C. § 2255.

Date: May 12, 2008

MATTHEW F. KENNELLY
United States District Judge

---

[2] Kane has not alleged that he was promised any such credit on his federal sentence. Indeed, the plea agreement he signed contained no reference to how the time he served in state custody would be accounted for in vis-a-vis his federal sentence. Nor was any mention made of this at his sentencing in this Court.